**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ABELTO MIDY,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *et al.*,<br><br>Respondents. | ) | C.A. No. 1:26-cv-00611-MSM-AEM |

**ORDER**

Before the Court is Abelto Midy's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Respondents assert that the Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because expedited removal proceedings that began in November 2021 remained pending when they arrested him on August 27, 2026. (ECF No. 4 at 1, 3.) The Court need not decide whether those proceedings were in fact pending on that date. The warrant on which the Respondents arrested the Petitioner identifies the statute under which they took him into custody, and that statute is 8 U.S.C. § 1226.

The Respondents arrested the Petitioner on August 27, 2026, on a Warrant for Arrest of Alien, Form I-200. (ECF No. 4-1 at 14.) The warrant is directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act," and commands his arrest "for removal proceedings under the Immigration and Nationality Act." *Id.* Section 236 of the INA is codified at 8 U.S.C. § 1226, which allows for a bond hearing before an immigration judge during the

pendency of removal proceedings. When the government names its arrest authority in the warrant, that is the authority its detention rests on. *Desgazons v. Nessinger*, No. 25-cv-00459-MRD-PAS (D.R.I. Oct. 22, 2025).

Additionally, the Respondents describe the Petitioner as having entered the United States without inspection after arriving by boat from Haiti. (ECF No. 4 at 3.) They do not contend that he presented himself at a port of entry, and they do not contend that he was interdicted at sea and brought into this country. The Petitioner is therefore not an arriving alien, 8 C.F.R. § 1001.1(q), and the regulation withdrawing bond jurisdiction over arriving aliens does not apply to him, 8 C.F.R. § 1003.19(h)(2)(i)(B). Nor may the Respondents detain the Petitioner under § 1225(b)(2)(A) as an applicant for admission on the ground that he is present in the United States without admission. The First Circuit has rejected that reading of the statute. *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, 2026 WL 2352042 (1st Cir. Aug. 13, 2026).

Pursuant to the explicit authority on which the Respondents relied to arrest and detain him, the Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing. The Court is not reviewing any order of removal and addresses only the statutory authority for his present detention.

Accordingly, the Court GRANTS the Petitioner's habeas petition (ECF No. 1) as follows. The Respondents are ORDERED to provide the Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) no sooner than thirty (30) days from the date of this order. The Respondents are ordered to provide

the Petitioner and his attorney with adequate notice of the date and time of that hearing. Further, the Court ORDERS the Respondents to release the Petitioner immediately pending the bond hearing. The Court permits the Petitioner's transfer to effectuate his release and the return of his property. The Respondents shall set minimal release conditions that will reasonably assure the Petitioner's appearance at the bond hearing. Finally, the Court ORDERS the Respondents to file a status report within two (2) days of the Petitioner's bond hearing, stating whether he has been granted bond and, if his request for bond was denied, the specific reasons for that denial.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

September 4, 2026